UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GREEN, ) | Case No. 10-CV-2516-JLS (JMA) |
| Petitioner, ) | **REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 15]** |
| v. ) | |
| L.S. McEWEN, Warden, ) | |
| Respondent ) | |

Petitioner Donald Green, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the Board of Parole Hearing's decision to not advance Petitioner's next parole consideration hearing. (Doc. No. 1.) On January 25, 2011, Petitioner filed a First Amended Petition for Writ of Habeas Corpus, which is the operative Petition. (Doc. No. 5.) On March 22, 2011, Respondent filed a Motion to Dismiss the Petition on the ground that Petitioner's claims are not cognizable on federal habeas review. (Doc. No. 9.) Petitioner filed an Opposition to the Motion to Dismiss on June 13, 2011. (Doc. No. 14.) For the reasons set forth below, the Court recommends that the Petition for Writ of Habeas Corpus filed by Petitioner Donald Green ("Petitioner") be **DISMISSED**.

**I.     Introduction and Procedural Background**

On January 18, 1995, Petitioner was sentenced by the Superior Court of

California, County of Los Angeles, to twenty years to life for murder in the second degree and use of a firearm in the commission of a felony. (Doc. No. 5, p. 15.) On March 14, 2007, Petitioner appeared before the Board of Parole Hearings for his initial parole consideration hearing. (Id.) The Board denied parole and deferred Petitioner's next parole consideration hearing for five years. (Id.) California regulatory law states in relevant part:

> If the board defers a hearing for five years, the prisoner's central file shall be reviewed by a deputy commissioner within three years, at which time the deputy commissioner may direct that a hearing be held within one year if the inmate has been disciplinary free and programming in accordance with board direction since the last hearing. The board shall notify the prisoner in writing of the deputy commissioner's decision. Cal. Code of Regs, tit. 15, § 2268, subd. (b).

On March 7, 2010, the Deputy Commissioner conducted a "three year review" of Petitioner's central file and reaffirmed the Board's March 2007 decision. (Doc. No. 5, pp. 14, 16.) The Deputy Commissioner declined to advance Petitioner's parole consideration hearing and placed Petitioner's hearing on calendar for March 14, 2012. (Id. at p. 16.) Petitioner was notified in writing of both the Deputy Commissioner's decision and the factors supporting the decision. (Id.)

Petitioner filed a petition for writ of habeas corpus in the Superior Court of California, County of Los Angeles on April 19, 2010 (Case No. BH 006917), which was denied on May 5, 2010. (Id. at p. 22.) Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal in the Second Appellate District on June 24, 2010 (Case No. B225291). (Id. at p. 25.) The Court of Appeal denied the petition on July 8, 2010. (Id.) Petitioner filed a third petition for writ of habeas corpus in the Supreme Court of California which was summarily denied on September 29, 2010 (Case No. S185225). (Id. at p. 27.)

Petitioner contends in his federal Petition that his due process rights were violated because he was not given the opportunity to be present at the Deputy Commissioner's three year review of his central file. (Id. at p. 31.) Petitioner further contends he was deprived of his liberty interest in parole when the Deputy

Commissioner, after conducting this review, declined to advance his parole consideration hearing, even though Petitioner had remained "disciplinary free and programm[ed] in accordance with board direction since the last hearing." (Id.)

### III.   Discussion

#### A.   The Petition Fails to State a Cognizable Claim for Federal Habeas Relief

Respondent moves to dismiss on two grounds, arguing: (1) Petitioner has failed to establish subject matter jurisdiction over his claim for federal habeas relief because he does not challenge the duration of his confinement; and (2) Petitioner does not state a proper claim for federal habeas relief because he fails to allege a violation of the United States Constitution or federal law. (Doc. No. 9, p. 2-4.)

##### 1.   Petitioner Does Not Challenge the Duration of His Confinement and, Therefore, Fails to Establish Subject Matter Jurisdiction for Federal Habeas Relief

Petitioner claims the Deputy Commissioner wrongly decided not to advance Petitioner's 2012 parole consideration hearing under California Code of Regulations, Title 15, § 2268, subdivision (b). (Doc. No. 5, p. 14.) He contends the language of § 2268 "obligated" the board "to advance the next hearing due to the new change in his circumstances." (Doc. No. 14, p. 2.)[1]

A federal habeas corpus petition may only be brought "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment[.]"  28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Conversely, a prisoner challenging conditions of prison life that do not include the fact or duration of confinement must bring the claim under 42 U.S.C. § 1983.

---

[1] However, the language of § 2268 states the Deputy Commissioner "*may* direct that a hearing be held within one year if the inmate has been disciplinary free and programming in accordance with board direction since the last hearing." Cal. Code of Regs, tit. 15, § 2268, subd. (b) (emphasis added). Advancement of a prisoner's parole consideration hearing under § 2268 is permissive, rather than mandatory. See id.

Preiser, 411 U.S. at 499. "Habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner fails to establish federal subject matter jurisdiction for federal habeas relief. Petitioner makes no claim in his petition that a writ of habeas corpus would alter the fact or duration of his sentence. His claim that he is "entitled to relief towards the reduction of his confinement" (Doc. No. 14, p. 2.) does not constitute a challenge to the fact or duration of his confinement. Rather, his claim is a challenge to the prison condition of the scheduling of his next parole consideration hearing. See Preiser, 411 U.S. at 500. Petitioner seeks the advancement of a parole consideration hearing which, even if successful, will not necessarily accelerate his release. The Petition, thus, fails to state a cognizable habeas claim because it does not address the fact or duration of Petitioner's incarceration, but only the conditions thereof. To the extent any claim based on these facts exists, it is more properly suited to a challenge under § 1983. Dismissal is, therefore, proper.

### 2. Petitioner Does Not Allege a Violation of a Federal Constitutional Right as is Necessary to Establish a Proper Claim for Federal Habeas Relief

Petitioner claims his due process rights were violated when he was not given the opportunity to be present at his "three year review." (Doc. No. 5, p. 31.) As was mentioned in footnote 1, § 2268 allows for a permissive advancement of a prisoner's parole consideration hearing, and does not direct a mandatory advancement. See Cal. Code of Regs, tit. 15, § 2268, subd. (b). The purpose of the three year review is to determine whether to "direct that a hearing be held within one year[.]" Id.

Petitioner's claim that his due process rights and liberty interest in parole were denied is not cognizable on federal habeas review. Petitioner claims the state violated its own regulatory law by denying him the opportunity to be present at the three year review of his central file. (Doc. No. 14, p. 2.) Federal habeas relief, however, is

available only to persons being held in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a);  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Federal habeas relief is not available for alleged errors of state law.  Estelle, 502 U.S. at 67-68.  Absent a constitutional violation, a federal court may not challenge a state court's interpretation or application of state law.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  A state law issue cannot be transformed into a federal question by merely alleging a denial of federal due process.  Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999).

There is no Federal Constitutional right to parole; however, the U.S. Supreme Court has acknowledged that California created a state interest in parole by virtue of its parole statutes.  Swarthout v. Cooke, __ U.S. __, 131 S.Ct. 859, 862 (2011), (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Due process review of a state created liberty interest is limited to evaluating whether the state provided "fair procedures" to vindicate that interest.  Id.  In the parole context, only minimal procedures are required.  Id.  When an inmate is afforded a parole consideration hearing, he must be allowed an opportunity to be heard, and, if parole is denied, he must be provided a statement of the reasons why parole was denied.  Id. (citing Greenholtz, 442 U.S. at 16).  "If the state affords the procedural protections required by Greenholtz and Cooke, that is the end of the matter for purposes of the Due Process Clause."  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

Petitioner does not allege facts to establish he was deprived of his liberty interest in parole.  He was present at his initial parole consideration hearing on March 14, 2007, was given the opportunity to be heard, and was provided a statement of reasons why parole was denied.  (Doc. No. 5, pp. 15-16.)  Rather, Petitioner's allegations arise from not being present at the three year review of his central file, and from the Deputy Commissioner's decision not to advance his next parole consideration hearing.  (Id. at p. 16.)  The Due Process Clause does not afford Petitioner the right to be present during the administrative review of his file for the purpose of determining whether the

1 date of his next parole consideration hearing should be advanced.  See e.g., Swarthout,
2 131 S.Ct. at 861; Roberts, 640 F.3d at 1046.  Furthermore, as discussed above, his
3 contention that the Deputy Commissioner misapplied § 2268 is not a basis for federal
4 habeas relief.  Accordingly, Petitioner fails to state a proper claim for federal habeas
5 relief and dismissal is, therefore, proper.

**IV.      Conclusion and Recommendation**

Having reviewed the matter, the undersigned magistrate judge finds that Petitioner has not stated a cognizable claim for federal habeas relief and the Court hereby recommends that Respondents' Motion to Dismiss the Petition be **GRANTED** and the Petition be **DISMISSED**.  The Court further recommends the dismissal be without prejudice to Petitioner's bringing his claim under 42 U.S.C. § 1983, and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Janis L. Sammartino, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than **August 16, 2011**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **August 26, 2011**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  July 25, 2011

Jan M. Adler
U.S. Magistrate Judge