# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GREEN,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>THE STATE OF CALIFORNIA BOARD OF PAROLE HEARINGS; MATTHEW CATE,<br><br>　　　　　　　　　Respondents. | CASE NO. 10-CV-2516 JLS (JMA)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION;<br>(2) GRANTING RESPONDENT'S MOTION TO DISMISS; AND<br>(3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 9, 16) |

Presently before the Court is Petitioner Donald Green's petition for writ of habeas corpus. (ECF No. 1.) Also before the Court are Respondent Matthew Cate's[1] motion to dismiss (ECF No. 9) and Magistrate Judge Jan M. Adler's report and recommendation advising the Court to grant Respondent's motion and dismiss the petition without prejudice to Petitioner bringing his claim under 42 U.S.C. § 1983 (R&R, ECF No. 16).

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

---

[1] On July 26, 2011, Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, was substituted as Respondent in place of "L.S. McEwen." (ECF No. 17.)

1 judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the report and recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Here, Petitioner failed to timely object to Magistrate Judge Adler's report and recommendation. (*See* R&R 6 (ordering parties to file objections "not later than **August 16, 2011**").) Having reviewed the report and recommendation, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court (1) **ADOPTS** Magistrate Judge Adler's report and recommendation, (2) **GRANTS** Respondent's motion to dismiss, and (3) **DISMISSES** the petition **WITHOUT PREJUDICE** to Petitioner bringing his claim under 42 U.S.C. § 1983.

The Court is obliged to determine whether a certificate of appealability should issue in this matter. *See* Fed. R. App. P. 22(b). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing that "reasonable jurists" would debate the Court's assessment of the constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue when the petitioner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, the Court concludes that reasonable jurists would neither debate that the petition fails to state a valid constitutional claim nor debate the propriety of the Court's procedural ruling. Because Petitioner does not challenge the duration of his confinement, he fails to establish subject matter jurisdiction for federal habeas relief. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). Moreover, Petitioner fails to allege

1  facts to establish that he was deprived of his liberty interest in parole, *see Roberts v. Hartley*, 640 F.3d
2  1042, 1046 (9th Cir. 2011) (citing *Swarthout v. Cooke*, — U.S. —, 131 S. Ct. 859, 862 (2011)), and
3  his contention that the state misapplied its own regulatory law is not a cognizable ground for federal
4  habeas relief, *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Accordingly, the Court **DENIES**
5  a certificate of appealability.

6       This Order concludes the litigation in this matter.  The Clerk shall close the file.
7       **IT IS SO ORDERED.**

9  DATED: August 29, 2011

10  *Janis L. Sammartino*
    Honorable Janis L. Sammartino
    United States District Judge