1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9   DONALD GREEN,

                                    Plaintiff,

10

11   vs.

12   THE STATE OF CALIFORNIA BOARD OF
     PAROLE HEARINGS; MATTHEW CATE,

13
                                    Defendants.

14

CASE NO. 10CV2516 JLS (JMA)

**ORDER (1) ADOPTING REPORT
AND RECOMMENDATION AND
(2) GRANTING MOTION TO
DISMISS**

(ECF Nos. 9, 16)

15
16    Presently before the Court is Respondent Matthew Cate's[1] ("Respondent") motion to

17    dismiss Petitioner Donald Green's ("Petitioner") petition for writ of habeas corpus.  (Mot. to

18    Dismiss, ECF No. 9)  Also before the Court are Magistrate Judge Jan M. Adler's Report and

19    Recommendation ("R&R") recommending the Court grant Respondent's motion and dismiss the

20    petition without prejudice to Petitioner bringing his claim under 42 U.S.C. § 1983, (R&R, ECF

21    No. 16), and Petitioner's objections to the R&R, (Obj., ECF No. 21).[2]

22
23    [1] On July 26, 2011, Matthew Cate, Secretary of the California Department of Corrections and
      Rehabilitation, was substituted as Respondent in place of "L.S. McEwen."  (Order, ECF No. 17)

24    [2] Magistrate Judge Adler ordered the parties to file any objections to the R&R "not later than
      August 16, 2011."  (R&R 6, ECF No. 16)  On August 29, 2011, having received no objections, the
25    Court adopted Magistrate Judge Adler's R&R, granted Respondent's motion to dismiss, and dismissed
      Petitioner's habeas petition without prejudice to Petitioner bringing his claim under 42 U.S.C. § 1983.
26    (Order, ECF No. 18)  Subsequent to the issuance of that Order, the Court received Petitioner's
      objections to the R&R.  (Obj., ECF No. 21)  Under the prisoner mailbox rule, *see Miles v. Prunty*, 187
27    F.3d 1104, 1106 n.2 (9th Cir. 1999), the objections were timely, (*see* Obj. 4, ECF No. 21 (objections
      mailed on August 16, 2011)).  Accordingly, the Court accepted them nunc pro tunc to August 22,
28    2011, (Discrepancy Order, ECF No. 20), and vacated its August 29, 2011, Order, (Order, Sept. 9,
      2011, ECF No. 22).

Magistrate Judge Adler's R&R contains a thorough and accurate recitation of the procedural history and facts underlying Plaintiff's petition for writ of habeas corpus.  (R&R 1–3, ECF No. 16)  This Order incorporates by reference the facts as set forth in the R&R.

## LEGAL STANDARD

### 1.  Review of the Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R.  The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).  However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

### 2.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint.  *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.*  Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

### 1. Summary of the R&R's Conclusions

Magistrate Judge Adler found dismissal appropriate on two bases: (1) "The Petition . . . fails to state a cognizable habeas claim because it does not address the fact or duration of Petitioner's incarceration, but only the conditions thereof," (R&R 4, ECF No. 16); and (2) the Petition "fails to state a proper claim for federal habeas relief" because it does not allege a violation of a federal constitutional right, (*id.* at 6).

1    As to the first basis, Magistrate Judge Adler reasoned that "a prisoner challenging

2 conditions of prison life that do not include the fact or duration of confinement must bring the

3 claim under 42 U.S.C. § 1983." (R&R 3, ECF No. 16)  Petitioner's claim, according to Magistrate

4 Judge Adler, "is a challenge to the prison condition of the scheduling of his next parole

5 consideration hearing," not a challenge to the fact or duration of his sentence, as is required under

6 28 U.S.C. § 2254.  (*Id.* at 4)

7    As to the second basis, Magistrate Judge Adler reasoned that "Petitioner's claim that his

8 due process rights and liberty interest in parole were denied is not cognizable on federal habeas

9 review." (*Id.* at 4)  This is because a federal court has jurisdiction to entertain an application for

10 writ of habeas corpus only where a petitioner alleges that he is in custody in violation of the

11 Constitution, laws, or treaties of the United States, but not for violations of state law.  28 U.S.C.

12 § 2254(a).  Magistrate Judge Adler recognized that California has "created a state interest in parole

13 by virtue of its parole statutes." (R&R 5, ECF No. 16 (citing *Swarthout v. Cooke*, __ U.S. __, 131

14 S.Ct. 859, 862 (2011))).  As such, the state must provide "'fair procedures' to vindicate that

15 interest." (*Id.* (quoting *Swarthout*, 131 S. Ct. at 862))  However, Magistrate Judge Adler went on

16 to conclude that there was no federal due process violation because the "Due Process Clause does

17 not afford Petitioner the right to be present during the administrative review of his file for the

18 purpose of determining whether the date of his next parole consideration hearing should be

19 advanced." (*Id.* at 5–6 (citing *Swarthout*, 131 S.Ct. at 861; *Roberts v. Hartley*, 640 F.3d 1042,

20 1046 (9th Cir. 2011)))

21 **2. Objections to the R&R's Conclusions**

22    Petitioner objects to Magistrate Judge Adler's R&R, arguing that his petition states a

23 cognizable claim for federal habeas relief.  (Obj. 1, ECF No. 21)  Petitioner's objections can be

24 summarized as follows: (1) the R&R erred in denying habeas relief because the refusal to advance

25 his parole consideration hearing was a violation of California Code of Regulations, Title 15,

26 § 2268, subdivision (b), (*id.* at 1–2); (2) habeas relief should be granted because the decision not to

27

28

advance his parole consideration hearing was made from an impermissible basis, (*id.* at 2);[3] and (3) the R&R erred in denying habeas relief because denying Petitioner the opportunity to be present at the section 2268–mandated three-year review constituted a violation of his due process rights, (*id.* at 2–3).

### A. Violation of Section 2268

In the R&R, Magistrate Judge Adler pointed out that section 2268—which provides guidelines regarding the advancement of a prisoner's parole consideration hearing—is permissive rather than mandatory.[4]  (R&R 3 n.1, ECF No. 16)  Additionally, because section 2268 is a state, not federal, regulation, Magistrate Judge Adler refused habeas relief on this basis.  (*Id.* at 6)  Nevertheless, Petitioner contends that this violation of state law "amounts to good cause in a federal habeas corpus proceeding."  (Obj. 2, ECF No. 21)

The Court finds that the R&R appropriately denied habeas relief on this basis.  Even assuming that a violation of California's section 2268 were sufficient to issue a writ of habeas corpus, Petitioner has failed to establish any such violation.  The plain language of the regulation makes clear that it is within the deputy commissioner's discretion whether to advance a prisoner's parole consideration hearing: "[T]he deputy commissioner *may* direct that a hearing be held within one year . . . . "  Cal. Code Regs. tit. 15. § 2268 (emphasis added); *compare id.* ("[T]he prisoner's central file *shall* be reviewed by a deputy commissioner within three years." (emphasis added)).  Accordingly, the refusal to advance the parole consideration hearing was not a violation of section 2268 and Petitioner's objection on this basis necessarily fails.

---

[3] Though referenced in the "supporting facts" section of Petitioner's petition, (Pet., ECF No. 5), Petitioner's contention that the refusal to advance his parole consideration hearing was based on some impermissible basis was not raised as an independent grounds for habeas relief, nor was it addressed in the R&R.

[4] California Code of Regulations, Title 15, § 2268, subdivision (b) provides, in relevant part:

> If the board defers a hearing for five years, the prisoner's central file shall be reviewed by a deputy commissioner within three years, at which time the deputy commissioner may direct that a hearing be held within one year if the inmate has been disciplinary free and programming in accordance with board direction since the last hearing.  The board shall notify the prisoner in writing of the deputy commissioner's decision.

***B. Impermissible Basis for Refusal to Advance Parole Consideration Hearing***

Petitioner argues that the deputy commissioner's refusal to advance his parole consideration hearing based on Petitioner's lack of vocational training was "'contrary to the record', and also 'to clearly established federal law.'" (Obj. 2, ECF No. 21)  This argument is based on the fact that following Petitioner's initial 2007 parole hearing, the panel made several recommendations, none of which included vocational training.  (*Id.*); (Pet., ECF No. 5)  Thus, argues Petitioner, it was impermissible for the deputy commissioner to refuse to advance his parole consideration hearing for the reason that Petitioner had not engaged in any vocational training.  Further supporting this argument and contrary to the deputy commissioner's conclusion, Petitioner states that he "has currently completed a vocational trade since being at Calipatria state Prison, in 2006."  (Pet., ECF No. 5)

To the extent that Petitioner contends that the deputy commissioner's decisionmaking constituted a violation of section 2268, his objection is overruled for the same reasons as stated above.  Section 2268 limits the deputy commissioner's discretion to advance the parole consideration hearing only to the extent that it requires that "the inmate has been disciplinary free and programming in accordance with board discretion since the last hearing."  Cal. Code Regs. tit. 15, § 2268.  If that condition is satisfied, it is then within the deputy commissioner's discretion whether to advance the hearing, though he is not required to do so.  *See supra* at 5.  Accordingly, Petitioner is unable to state a violation of section 2268 and Petitioner's objection on this basis necessarily fails.

To the extent, in the alternative, that Petitioner contends that the deputy commissioner's decisionmaking violated his right to an earlier parole date, his objection is overruled on this basis as well.  As explained *infra*, there is no federal constitutional right to parole, and as such this claim is not appropriate for federal habeas review.

//

//

//

//

1  *C. Denial of Opportunity to be Present at Three-Year Review*

2          Finally, Petitioner argues that he was denied his due process rights under *Greenholtz v.*

3  *Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1 (1979), because he was denied the

4  opportunity to be present at the deputy commissioner's three-year review.  (Obj. 2, ECF No. 21)

5  Petitioner contends that he "has a right to be heard at any hearing."  (*Id.* at 3)

6          While "California law creates a liberty interest in parole," *Swarthout*, 131 S. Ct. at 861,

7  "[w]hatever liberty interest exists is . . . a *state* interest created by California law," *id.* at 862.

8  Although federal habeas relief is not available for errors of state law, when "a State creates a

9  liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal

10  courts will review the application of those constitutionally required procedures."  *Id.*  Only

11  minimal procedures are required in the context of parole, however.  *Id.*

12          Here, Magistrate Judge Adler correctly determined that "Petitioner does not allege facts to

13  establish he was deprived of his liberty interest in parole.  He was present at his initial parole

14  consideration hearing on March 14, 2007, was given the opportunity to be heard, and was provided

15  a statement of reasons why parole was denied."  (R&R 5, ECF No. 16)  Pursuant to the Supreme

16  Court's decision in *Greenholtz*, "[t]he Constitution does not require more."  442 U.S. at 16.

17  Petitioner's objection on this basis is therefore overruled.

18                                          **CONCLUSION**

19          For the reasons stated above, the Court **ADOPTS** the R&R in full.  Respondent's motion to

20  dismiss is **GRANTED**.  Petitioner's petition for writ of habeas corpus is **DISMISSED**

21  **WITHOUT PREJUDICE** to Petitioner's bringing his claim under 42 U.S.C. § 1983.

22          **IT IS SO ORDERED**.

23

24  DATED:  January 23, 2012

25                                          *Janis L. Sammartino*
                                            _____
26                                          Honorable Janis L. Sammartino
                                            United States District Judge

27

28